520

5-2202                                              338 S. W. 2d 921

Opinion delivered October 10, 1960.

*D. D. Panich,* for appellant.

*Frank H. Cox,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a suit to foreclose a mortgage. For reversal of the decree appellant says: "(1) This is a simple foreclosure action, (2) A deed must be construed most strongly against the grantor, and (3) The agreement between the plaintiff and defendant was for sale by the acre."

Appellee, Ava Morgan, on May 4, 1953, borrowed $7,500 from appellant, Merle Adkins, giving as security for the loan a mortgage on some business property known as the "Rock-A-Way Court". This property is described in the mortgage by metes and bounds description. On August 11, 1955, Mrs. Morgan borrowed $1,200 additional from appellant which was also secured by the above mortgage (of May 4, 1953). Sometime in September,

1958, appellee began negotiations with appellant to sell to her this business property, and on October 17, 1958, appellant's written offer to purchase the business property for $45,000 was accepted in writing by Mrs. Morgan, the appellee, and a deed drawn up describing the property by metes and bounds and stating that it contained 2.5 acres and a down payment of $5,000 would be required. The record reflects that a part of the down payment and consideration to be paid by the purchaser, Mrs. Adkins, to the seller, Mrs. Morgan, was the cancellation of the debt that Mrs. Morgan owed to the purchaser, Mrs. Adkins, upon the property, and on October 20, 1958, Mrs. Adkins satisfied the mortgage record and when it subsequently developed that the property did not contain 2.5 acres, but only 2.13 acres, Mrs. Adkins brought the present suit to foreclose the mortgage, alleging that cancellation was procured without any consideration and was void.

On the facts presented, about which there appears little if any dispute, we think the evidence shows that there was ample consideration for the satisfaction of the mortgage by Mrs. Adkins which she now seeks to foreclose. She admitted execution of the contract to purchase the mortgaged property from Mrs. Morgan, and also that her act of satisfaction of the mortgage on the margin of the record was "part of the down payment for the property". This was ample consideration. Mrs. Morgan testified that she was ready and willing to complete the sales contract but that Mrs. Adkins has failed and refused to perform.

We said in the recent case of *Baker* v. *Taylor & Co.*, 218 Ark. 538, 237 S. W. 2d 471:

". . . where the vendor is in no default, and is ready and willing to perform the contract on his part, the vendee cannot recover back money paid by him on the contract. . ."

". . . It may be asserted with confidence, that a party who has advanced money, or done an act in part performance of an agreement, and then stops short, and refuses to proceed to the ultimate conclusion of the agreement, the other party being ready and willing to proceed

and fulfill all his stipulations according to the contract, has never been suffered to recover for what has been thus advanced or done . . . It would be an alarming doctrine to hold, that the plaintiffs might violate the contract; and, because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiffs have.''

On the contention of appellant that appellee misrepresented the amount of property she owned in acreage, *i.e.*, that she represented she owned 2.5 acres when in fact she only owned 2.13, was sufficient alone to set aside the sales contract, we do not agree. In the first place the sale involved here was not made by the acre but by a metes and bounds description. It appears well settled by our own decisions that when property is described by metes and bounds or definite lines as in the present case, the inclusion of any words indicating acreage is a matter of the description and not of the essence of the contract.

We said in *Glover* v. *Bullard,* 170 Ark. 58, 278 S. W. 645:

''The general rule on this question is clearly stated in *Weart* v. *Rose,* 16 N. J. Eq. 290. It is there said that the general rule as laid down by Chancellor Kent is that where it appears by definite boundaries, or by words of qualification, as 'more or less', or as 'containing by estimation,' or the like, that the statement of the quantity of acres in the deed is a mere matter of description, and not of the essence of the contract, the buyer takes the risk of the quantity, if there be no intermixture of fraud in the case.

''On the other hand, where the sale is by the acre, and the statement of the quantity of acres is of the essence of the contract, the purchaser, in case of a deficiency, is entitled in equity to a corresponding deduction from the price.''

And in *Hays* v. *Hays,* 190 Ark. 751, 81 S. W. 2d 926, we find this language:

"The mention of quantity of acres, after a certain description of the subject by metes and bounds, or by other known specifications, is but matter of description, and does not amount to any covenant, or afford ground for the breach of any of the usual covenants, though the quantity of acres should fall short of the given amount. . . ."

On the whole case, finding no error, the decree is affirmed.

GEORGE ROSE SMITH, J., concurring. I add these words of concurrence, perhaps needlessly, to mention one further point which the majority have not thought it necessary to discuss.

That point is this: There is no inflexible rule of law which invariably prevents a vendee from recovering his down payment after he has breached the contract by refusing to go through with his purchase. ". . . The right of a contractor, who is himself vitally in default, to some compensation of a restitutionary character, has been recognized and enforced in too many cases to deny such a right to a purchaser merely because he is in default. As in other cases, we must consider why he is in default, and the terms of the contract, and the amount that he was paid, and the extent of injury that his breach has caused." Corbin on Contracts, § 1129. Williston's statements to the same effect, appearing in § 1473 of his treatise on Contracts (Rev. Ed.), were quoted by us with approval in *Williams Mfg. Co.* v. *Strasberg*, 229 Ark. 321, 314 S. W. 2d 500.

Thus it is not the bare fact of default that prevents the appellant from recovering what amounted to her down payment under the contract of purchase. Her difficulty lies in her failure to offer any proof showing the damages suffered by the appellee as a result of the appellant's unjustified refusal to complete the purchase. The appellant's situation falls precisely within the following excerpt from Corbin's text:

"Whether the vendor has 'rescinded' for the purchaser's breach or not, and whether there is an express provision for forfeiture or not, it is clear that the pur-

chaser in default should in no case be given restitution of money paid unless it affirmatively appears that the money so paid is in excess of the injury caused to the vendor by the breach. The purchaser sues because he asserts that retention of the money is unjust enrichment; but there is no injustice if the defendant is retaining no more than the amount of injury caused by the plaintiff's breach. In cases where the plaintiff may have a right of restitution, he should be permitted to show that the defendant's injury is less than the instalments paid; but unless he successfully shows this, he should recover nothing." Corbin, *supra*, § 1132.